1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                            AT TACOMA

10   TERESA M. FELLER,

11              Plaintiff,

12        v.                                    Case No. 09-5720 RJB

13   INDYMAC MORTGAGE SERVICES,              ORDER GRANTING DEFENDANT'S
     ONEWEST BANK, FSB, AMERICAN             MOTION TO DISMISS
14   GENERAL FINANCE, and REGIONAL
     TRUSTEE SERVICES CORPORATION,
15
                Defendants.
16

17        This matter comes before the Court on Defendant American General Financial Services'

18   ("AGFS") Motion to Dismiss (Dkt. 9).  The Court has reviewed the relevant documents and the

19   remainder of the file herein.

20                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

21        On November 23, 2009, the Plaintiff, Teresa Feller, filed a Complaint against Defendants,

22   Indymac Mortgage Services ("Indymac"), OneWest Bank, FSB ("OneWest"), American General

23   Finance Services ("AGFS")[1], and Regional Trustee Services Corporation ("Regional"), alleging

24   conversion, fraud in the inducement, theft, conspiracy, and several other allegations involving a

25   mortgage related to property owned by the Plaintiff.  Dkt. 3.  On December 16, 2009, Defendant

26   _____

27        [1]Defendant AGFS is misidentified in the Complaint as "American General Finance."

28   ORDER - 1

AGFS filed a motion to dismiss.  Dkt. 9.  The Defendant argues that the Plaintiff's Complaint fails to assert any right of relief as to AGFS.  *Id*.  AGFS states that the only cause of action involving AGFS is the Plaintiff's second cause of action, which asserts that AGFS committed conversion, theft, deceptive practices, and "BASEL III accord" violations.  AGFS argues, in summary, that the Plaintiff either does not assert sufficient facts to support a claim or that the cause of action asserted does not give Plaintiff a legally cognizable claim.

Plaintiff responds to Defendant AGFS's motion by moving to strike AGFS's motion because AGFS failed to follow Federal Rules of Civil Procedure ("FRCP"), and by moving for summary judgment on the causes of action against AGFS.  Dkt. 12.  Plaintiff appears to argue that AGFS's motion to dismiss should be stricken because AGFS did not file an answer to Plaintiff's complaint as required by FRCP Rule 7, and that a motion to dismiss is not an answer to a complaint according to FRCP Rule 8.  Plaintiff also argues that AGFS did not comply with FRCP Rule 7.1 by not making the required disclosures, and therefore AGFS should not be allowed to file a motion to dismiss.  *Id*.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

ORDER - 2

129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

**A. Plaintiff's Claims**

The Plaintiff first asserts the following against AGFS:

Defendant American General Finance Company knew of all the above conversion, theft, and deceptive misleading practices yet chose to engage in compounding the conversion for their own private gain deceptively covering up such fraudulent securities and are believed to have issued their own securitized instruments under said knowledge in conspiracy of silence to cover up fraud, fraudulent inducement, conversion, theft, issuing fraudulent securities.

Dkt. 3, p. 9. The Plaintiff's claim fails because it is largely conclusory under the *Iqbal* standard. Plaintiff appears to merely assert that AGFS compounded a conversion for their own gain, committed fraud, and engaged in conspiracy, but she does not provide information or facts to support the claims. The Plaintiff does not say what actions by AGFS give rise to the various claims, when AGFS's action took place, or how AGFS's actions violated the various elements of the law.

Her allegations lack any factual support.

The Plaintiff next asserts the following against AGFS:

> [Defendant AGFS] operate knowingly outside BASEL III accords, Executive Branch of the United States agreement, to apply receivable side of ledger sheet only and not accounts payable side of ledger sheet, in an off book transaction in violation of bank regulations for private gain at expense of Plaintiff, conversion, theft, false ledgers.

Dkt. 3, p. 9. Again, this is a conclusory allegation that is unsupported by facts. The Plaintiff does not cite to a section of BASEL III that is applicable in this situation, and she does not provide how AGFS's actions violated BASEL III. For the foregoing reasons, the Defendant's motion to dismiss should be granted since Plaintiff's allegations are largely conclusory.

**B. Plaintiff's Motion to Strike**

As to Plaintiff's motion to strike Defendant's motion to dismiss, her arguments fail. The Plaintiff misconstrues the Federal Rules of Civil Procedure ("FRCP"). The Defendant is allowed under FRCP Rule 12 (b) to file a motion to dismiss before any responsive pleading, which includes an answer to a complaint. Additionally, filing a FRCP Rule 7.1 disclosure is not a condition precedent to the filing of a motion to dismiss. The FRCP does not require that a party file a Rule 7.1 disclosure before filing any motion, and the Plaintiff fails to cite to any specific rule in FRCP that requires the Court to strike AGFS's motion due to failure to file a FRCP Rule 7.1 disclosure or failure to file an answer. For these reasons, the Plaintiff's motion to strike should be denied.

**C. Leave to Amend**

Finally, the Plaintiff's claims against Defendant AGFS should be dismissed without prejudice and with leave to amend even though it is doubtful that Plaintiff's claims are not based on proper legal theory and any amendment will cure the defects. First, the Plaintiff's violations of the BASEL III accords claims appears not to provide a legal bases for the Plaintiff to file suit against AGFS in a civil case. The Plaintiff has not explained how or if BASEL III applies or has regulatory effect in the United States. Upon the Court's own research, it has found that the United States is not even a signatory to BASEL III.

Additionally, the Plaintiff's claim of conversion fails because no stated set of facts support

her claims. Plaintiff alleges in her Complaint that a promissory note given by her to IndyMac is her property, but her allegation is without legal support. Dkt. 3, p. 6, ¶ 3. A promissory note is "an unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person." BLACK'S LAW DICTIONARY 1089 (8th ed. 2004). Plaintiff appears to have signed a promissory note with IndyMac. She has an obligation to pay the bearer of the note, which was IndyMac. The note, in relation to the Plaintiff, is not property, but an obligation. Since it is arguably not her property, she cannot make a claim for conversion or deceptive misleading practices, which require some property as an element of the claim. The tort of conversion is the willful and intentional interference with any chattel without legal justification, which deprives the rightful owner of possession. *Potter v. Washington State Patrol*, 165 Wash.2d 67, 78, 196 P.3d 691 (2008). Chattel is movable or transferable property. BLACK'S LAW DICTIONARY 251 (8th ed. 2004). In this case, there is no showing of a chattel that has been interfered with. The note is not property of the Plaintiff.

Finally, the Plaintiff has not pointed to any case law or statutory law or facts that supports her claim for deceptive misleading practices. While the cause of action for deceptive misleading practices is not cognizable, AGFS gave the Plaintiff the benefit of the doubt and characterized her claim as a claim for violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86. Dkt. 9, p. 4. In order to prove a WCPA claim, a private plaintiff must plead and present evidence of (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) injury to plaintiff's business or property and (5) which injury is causally related to unfair or deceptive act. *First State Ins. Co. v. Kemper Nat'l Ins. Co.*, 94 Wash. App. 602, 608-09, 971 P.2d 953 (1999). There has been no "injury to plaintiff's... property."

It is probable that Plaintiff's claims for conversion and deceptive misleading practices are without foundation. Nevertheless, under *Keniston*, *supra*, Plaintiff should be given the opportunity to amend her Complaint.

///

///

ORDER - 5

**III. ORDER**

For the foregoing reasons, the Court hereby **ORDERS**:

(1)  The Defendant American General Financial Services, Inc.'s Motion to Dismiss (Dkt. 9) is **GRANTED**;

(2)  The Plaintiff's Motion to Strike (Dkt. 12) Defendant's Motion to Dismiss is **DENIED**;

(3) The Plaintiff's Motion for Summary Judgment (Dkt. 12) is **STRICKEN** as moot;

(4) The Plaintiff's claims against Defendant American General Financial Services, Inc. are **DISMISSED WITHOUT PREJUDICE**;

(5) Plaintiff may file and serve an amended complaint on or before February 19, 2010.  If no amended complaint is filed, the case against Defendant American General Financial Services, Inc. will be dismissed with prejudice ; and

(6)  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of January, 2010.

Robert J. Bryan
United States District Judge