UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA M. FELLER,<br><br>    Plaintiff,<br><br>  v.<br><br>INDYMAC MORTGAGE SERVICES, a Division of One West Bank; ONE WEST BANK, F.S.B.; AMERICAN GENERAL FINANCE; and REGIONAL TRUSTEE SERVICES CORPORATION,<br><br>    Defendants. | Case No. 09-5720RJB<br><br>ORDER GRANTING DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES' MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on Defendant American General Financial Services, Inc.'s Motion to Dismiss Amended Complaint (Dkt. 27). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 23, 2009, the Plaintiff, Teresa Feller, filed a Complaint against Defendants, Indymac Mortgage Services ("Indymac"), OneWest Bank, FSB ("OneWest"), American General Finance Services ("AGFS"), and Regional Trustee Services Corporation ("Regional"), alleging conversion, fraud in the inducement, theft, conspiracy, and several other allegations involving a mortgage related to property owned by the Plaintiff. Dkt. 3. On January 26, 2010, the Court issued an Order granting Defendant AGFS's Motion to Dismiss and giving Plaintiff until February 19, 2010, to file an amended complaint if she desired. Dkt. 17. On

ORDER - 1

February 19, 2010, the Plaintiff filed an amended complaint regarding AGFS. Dkt. 23. On March 4, 2010, Defendant AGFS filed a Motion to Dismiss Plaintiff's amended complaint. Dkt. 27. On March 26, 2010, the Plaintiff filed a late response to Defendant AGFS's motion, but the Court will consider the response in the interest of adjudication on the merits.

## II. DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

ORDER - 2

Additionally, courts may consider any facts properly subject to judicial notice. *See Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (a court may take judicial notice of "matters of public record") overruled in part on other grounds by *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *see also Intestate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("[The court] may take judicial notice of records and reports of administrative bodies").

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

**B. Discussion**

Defendant AGFS asserts that the Plaintiff fails to state a claim upon which relief may be granted and that the Plaintiff's suit is a frivolous debt elimination scheme. Dkt. 27. Plaintiff responds to Defendant's arguments with various frivolous, conclusory, and nonsensical allegations which are unsupported in law or by fact, and do not address Defendant AGFS's arguments. Dkt. 30.

Defendant asserts that the Plaintiff's amended complaint fails as a matter of law and lacks any factual allegations stating a plausible claim against AGFS. Dkt. 27, p. 3. Plaintiff appears to allege in her amended complaint that AGFS converted property, that AGFS unjustly enriched itself, and that AGFS violated the BASEL III accords. Dkt. 23.

Defendant AGFS first asserts that the amended complaint lacks a sufficient set of facts to support a claim for "conversion" against AGFS. Dkt. 27, p. 4. AGFS also asserts that the BASEL III claim has been already addressed by the Court and that there is no legal cognizable theory presented by the Plaintiff. Dkt. 27, p. 4-5. Finally, AGFS asserts that Plaintiff's claim for unjust enrichment fails because Plaintiff has not asserted any facts that support the elements of unjust enrichment. Dkt. 27, p. 5-6.

ORDER - 3

1    First, the Plaintiff's claim for conversion of property is unavailing. Under the *Iqbal* standard, conclusory statements are not entitled to the assumption of truth, and any remaining factual statements must plausibly give rise to an entitlement to relief. Plaintiff's amended complaint is largely legal conclusion. The remaining factual allegations are not enough to give rise for a claim of conversion of property. As noted in the Court's January 26, 2010 Order, a promissory note is not the property of the Plaintiff. *See* Dkt. 17. The Plaintiff has not provided the Court with legal authority that supports her theory that a promissory note is property of the debtor, and the Court has found no legal authority that states as much. Moreover, the Plaintiff has not alleged facts that support that any action by AGFS constitutes an unjustified, willful interference with any property belonging to Plaintiff.

Plaintiff's claim under BASEL III must also fail since it is not a cognizable legal theory. The Court has already addressed Plaintiff's BASEL III claim in its January 26, 2010 Order, and found such a claim without legal support.

Finally, Plaintiff's claim for unjust enrichment fails. Plaintiff appears to make the argument that "labor is property," and that the promissory note represents her labor. Dkt. 23, p. 6. It is legal conclusion to assert that a promissory note represents the Plaintiff's property through her labor. The Plaintiff has not provided the Court with legal authority to support such a claim and the Court has found no legal authority that states as much. Additionally, the Plaintiff has not alleged facts that address the elements of unjust enrichment. For the foregoing reasons, the Plaintiff does not state a claim upon which relief may be granted.

The Plaintiff should not given leave to amend her complaint and her claims against AGFS should be dismissed with prejudice. She has not alleged sufficient facts to support any of the claims in her amended complaint, and has not alleged cognizable legal theories. A BASEL III violation is not a cognizable legal theory and no set of facts would support such a claim, as was discussed in the Court's January 26, 2010 order. Additionally, Plaintiff's claims for unjust enrichment and conversion of property based on the theory that a promissory note is her property are likewise unavailing. The Plaintiff has not shown legal support for the theory and the Court has found no support. For the foregoing reasons, Plaintiff should not be allowed leave to amend

ORDER - 4

her complaint regarding AGFS, and the Plaintiff's amended complaint against AGFS should be dismissed with prejudice.

The Court notes Defendant's argument that the Plaintiff's suit is a frivolous debt elimination scheme. Dkt. 27, p. 6. "A complaint if frivolous when it has no arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). The Court cautions Plaintiff that her pleadings are similar to the cases cited by Defendant. *See* Dkt. 27, p. 6-8. It would be to the benefit of the Plaintiff if she reviewed the cases cited by the Defendant. The Court recognizes that the Plaintiff is proceeding *pro se* in this matter, but warns that frivolous arguments, unsupported by legal authority are a drain on judicial resources and does nothing to advance any legitimate claims she may have. Additionally, she is obligated under the Federal Rules of Civil Procedure to make claims that are supported by law. *See* Fed.R.Civ.P. 11(b).

## III. ORDER

The Court does hereby find and ORDER:

(1) Defendant American General Financial Services, Inc.'s Motion to Dismiss (Dkt. 27) is **GRANTED**;

(2) The Plaintiff's claims in Plaintiff's Amended Complaint (Dkt. 23) against Defendant American General Financial Services, Inc. are **DISMISSED WITH PREJUDICE**;

(3) Defendant American General Financial Services, Inc. is dismissed from this case; and

(4) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of March, 2010.

Robert J. Bryan
United States District Judge

ORDER - 5