1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA M. FELLER,

                    Plaintiff,

        v.

INDYMAC MORTGAGE SERVICES, a
division of OneWest Bank; ONEWEST
BANK, FSB; AMERICAN GENERAL
FINANCE; and REGIONAL TRUSTEE
SERVICE,

                    Defendants.

Case No. 09-5720RJB

ORDER GRANTING
DEFENDANTS MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant OneWest's Motion for Summary

Judgment (Dkt. 39) and Defendant Indymac Mortgage Services' Motion for Summary Judgment

(Dkt. 40).  The Court has considered motions and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 23, 2009, Plaintiff, *pro se*, filed her original Complaint against Defendants

alleging conversion, fraud in the inducement, theft, conspiracy, and several other allegations

involving a mortgage related to property owned by the Plaintiff.

On December 16, 2009, Defendant American General Finance Services, Inc. ("AFGS")

filed a motion to dismiss and on January 26, 2010, this Court entered an order granting AFGS's

motion.  The Order dismissed the complaint without prejudice and allowed Plaintiff to file an

amended complaint.  On February 19, 2010, Plaintiff filed an Amended Complaint.  On April 6,

ORDER - 1

2010, and April 7, 2010, Defendant OneWest and Defendant Indymac respectively filed motions for summary judgment.  Dkts. 39, 40.

## II. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

1    Defendant OneWest argues that while it is identified as a defendant in the Plaintiff's

2    Amended Complaint, she makes no allegations, factual or otherwise, supporting that OneWest

3    acted, or failed to act, in any way which is actionable.  Dkt. 39, p. 4.  Defendant OneWest states

4    that "because Plaintiff does not appear to assert any claims against OneWest in this matter, there

5    can be no genuine issue of material fact for any fact-finder to resolve."  *Id.*

6    Defendant Indymac states that there appears to be three causes of action against Indymac

7    in the Plaintiff's Amended Complaint; conversion of Plaintiff's property, fraud in the

8    inducement, and violations of BASEL III.  Dkt. 40, p. 3.  Defendant Indymac asserts that there is

9    no genuine issue of material fact.  Dkt. 40, p. 4.  Moreover, Defendant asserts that the Plaintiff's

10    action is a frivolous debt elimination scheme.  Dkt. 40, p. 7-9.

11    The Court is persuaded by the Defendants' arguments.  Moreover, the Plaintiff has not

12    submitted a response to Defendants' motions.  This may be considered an admission that the

13    Defendants' motions have merit.  *See* Local Rule CR 7(b)(2).  The Plaintiff's claims against both

14    OneWest and Indymac are without merit and are frivolous.  Therefore, Defendants OneWest's

15    and Indymac's motions should be granted.  Additionally, all claims against Defendant Regional

16    Trustee Services Corporation ("Regional") should be dismissed.  Plaintiff has not served

17    Defendant Regional with a summons and complaint within 120 days of filing her original

18    Complaint in accordance with Fed.R.Civ.P. 4(m).  Plaintiff was directed in the Court's April 21,

19    2010, Order (Dkt. 51) that she was required to comply with the Federal Rules of Civil Procedure.

20    She has not complied with the Federal Rules of Civil Procedure or the Court's Order in regards

21    to properly serving Defendant Regional.  Additionally, it appears that the claims against

22    Defendant Regional are also without merit and frivolous.

23    **III. ORDER**

24    The Court does hereby find and ORDER:

25    (1) Defendant OneWest Bank's Motion for Summary Judgment (Dkt. 39) is **GRANTED**;

26    (2) Defendant Indymac Mortgage Services' Motion for Summary Judgment (Dkt. 40) is

27    **GRANTED**;

28

(3) Defendant Regional Trustee Service is **dismissed without prejudice**;

(4)  This case is **DISMISSED**; and

(5)  The Clerk is directed to send copies of this Order all counsel of record and any party appearing *pro se* at said party's last known address.

DATED this 17th day of May, 2010.

Robert J. Bryan
United States District Judge

ORDER - 4